Anthony v. Lynch

BIA
A088 437 743

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fifteen.

**PRESENT:**

> **GERARD E. LYNCH,**
> **RAYMOND J. LOHIER, JR.,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

_____

**ROBELTO FELICIANO JOSE ANTHONY,**
**AKA ANTHONY ROBERTO,**
> *Petitioner*,

> **v.**                 **13-3734**

**LORETTA E. LYNCH, UNITED STATES**
**ATTORNEY GENERAL,**
> *Respondent*.

_____

**FOR PETITIONER:**     DANIEL P. WEICK (Jonathan M. Jacobson *on the brief*), Wilson Sonsini Goodrich & Rosati, P.C., New York, NY.

**FOR RESPONDENT:**     DAWN S. CONRAD, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division (Benjamin C. Mizer,

Principal Deputy Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director, Office of Immigration Litigation *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Robelto Feliciano Jose Anthony, a native and citizen of Trinidad and Tobago, seeks review of a September 9, 2013 decision of the BIA denying his motion to reopen. In re Robelto Feliciano Jose Anthony, No. A 088 437 743 (B.I.A. Sept. 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. See, e.g., Cao v. U.S. Dep't of Justice, 421 F.3d 149, 156–57 (2d Cir. 2005). The BIA's primary reason for denying Anthony's motion to reopen was its conclusion that Anthony had been given sufficient opportunity to allow his wife to file a visa petition (the I-130) on his behalf while his case was pending before the immigration court. It was within the BIA's discretion to deny Anthony's motion to reopen on this basis. Because we find this reason sufficient to deny Anthony's petition for review, we need not address whether the other reasons given by the BIA were correct.

The Supreme Court has made clear that "motions to reopen are disfavored in deportation proceedings," INS v. Abudu, 485 U.S. 94, 107 (1988), noting that the standards applicable to such motions

2

> are comparable to those that apply to petitions for rehearing, and to motions for new trials on the basis of newly discovered evidence. There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases . . . . If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive.

Id. at 107-08 (internal quotation marks, citations, and footnotes omitted); see also INS v. Doherty, 502 U.S. 314, 323 (1992); Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006).

The BIA's denial of Anthony's motion to reopen did not exceed its discretion. For almost fourteen months, Anthony was on actual notice that he could be entitled to relief from deportation if his United States citizen wife filed a visa petition on his behalf and he submitted evidence of such petition to the immigration court, having been so advised by the immigration judge ("IJ") on November 30, 2011. During that period, the immigration court continued Anthony's case several times to give his wife the opportunity to file the I-130 visa petition. Even after the final deadline set by the IJ for the filing of the petition had passed, because Anthony's wife had incorrectly attempted to file the petition with the immigration court rather than with the United States Citizenship and Immigration Service, the IJ granted another continuance and provided Anthony with the proper address for filing. When Anthony next appeared before the immigration court, and there was still no proof that his wife had properly filed the I-130 on his behalf, the court granted yet another continuance and explained to Anthony: "This is the final opportunity you have to get proof to the Court that your wife has filed a visa petition for you. Do you

3

understand?" Anthony replied, "Yes, sir." Admin. Record at 173-74. After the passage of three more months, the IJ concluded that the I-130 petition had been abandoned.

Anthony, however, had still more time to provide proof that an I-130 petition on his behalf had been filed. His release from prison, and transfer to the custody of the Department of Homeland Security, resulted in the transfer of his case to a different immigration judge, which, as the original IJ advised him, "buys you a little bit more time to get in touch with your wife to make sure that she gets this visa petition filed." Anthony's removal proceedings were finally terminated on January 22, 2013, when he still had not provided any proof that his wife had filed the I-130 visa petition on his behalf. The I-130 petition was filed while Anthony's appeal to the BIA was pending. Anthony did not provide evidence of that filing to the BIA until after his appeal had been denied, in connection with the instant motion to reopen. Under these circumstances, the BIA did not abuse its discretion in denying Anthony's motion to reopen. Accordingly, we DENY Anthony's petition for review.

We note our gratitude to *pro bono* counsel for their willingness to serve and for the high professional skills they have devoted to this case.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4